

214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

**<u>SENT VIA: FBI eFOIPA portal</u>**

July 13, 2023

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602

Dear FOIA Officer,

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the implementing FOIA regulations of the Department of Justice ("DOJ"), 28 CFR Part 16, I respectfully request the following from all individuals within: the Federal Bureau of Investigation (FBI), National Security Branch, FBI Counterterrorism Division; and the FBI Tampa Florida Division:

Search terms:

    1) First priority search, all records regarding the below terms:
- Moms for Liberty
- Tiffany Justice
- Tina Descovich

    2) Second priority search, all records regarding the below e-mail domain.
- @splcenter.org

Please limit your search from January 1, 2020 to the present.



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

Privacy waivers from Tiffany Justice and Tina Descovich will be sent in a follow up correspondence.

To further narrow down the scope of the request, requester does not seek correspondence that merely forwards press clippings, such as news accounts or opinion pieces, newsletters, and published or docketed materials, if that correspondence has no comment or no substantive comment added by any party in the thread.

The terms "pertaining to," "referring," "relating," or "concerning" with respect to any given subject means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

The term "record" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, electronic mail (emails), MMS or SMS text messages, instant messages, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger), contracts, cables, telexes, notations of any type of conversation, telephone call, voicemail, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electronic records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape or otherwise.  A record bearing any notation not a part of the original text is to be considered a separate record.  A draft or non-identical copy is a separate record within the meaning of this term.  By definition a "communication" (as that term is defined herein) is also a "record" if the means of communication is any written, recorded, or graphic matter of any sort whatsoever, regardless of how recorded, and whether original or copy.

The terms "and" and "or" should be construed broadly and either conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.  The terms "all," "any," and "each" should each be construed as 'encompassing any and all. The singular includes the plural number, and vice versa.  The present tense includes the past and vice versa.  The masculine includes the feminine and neuter genders.

The term "communication" means each manner or means of disclosure or exchange of information (in the form of facts, ideas, inquiries, or otherwise), regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in an in-person meeting, by telephone, facsimile, e-mail (desktop or mobile device), text message, MMS or SMS message, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger), regular mail, telexes, releases, or otherwise.



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

"Communications with," "communications from," and "communications between" means any communication involving the related parties, regardless of whether other persons were involved in the communication, and includes, but is not limited to, communications where one party is cc'd or bcc'd, both parties are cc'd or bcc'd, or some combination thereof.

The term "employee" means a current or former: officer, director, shareholder, partner, member, consultant, senior manager, manager, senior associate, permanent employee, staff employee, attorney, agent (whether de jure, de facto, or apparent without limitation), advisor, representative, attorney (in law or in fact), lobbyist (registered or unregistered), borrowed employee, casual employee, consultant, contractor, de facto employee, independent contractor, joint adventurer, loaned employee, part-time employee, provisional employee, or subcontractor.

The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association, and all subsidiaries, divisions, partnerships, properties, affiliates, branches, groups, special purpose entities, joint ventures, predecessors, successors, or any other entity in which they have or had a controlling interest, and any employee, and any other units thereof.

The term "Congress" refers to any person elected to the United States House of Representatives or United States Senate, or is assigned a "house.gov" or "senate.gov" email address.

Please consider all members of a document "family" to be responsive to the request if any single "member" of that "family" is responsive, regardless of whether the "family member" in question is "parent" or "child."

This request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

In the interest of expediency and to minimize the research and/or duplication burden on your staff, please send records electronically if possible.  If this is not possible, please notify me before sending to the mailing address listed below.  If access to this request will take longer than twenty business days, please let me know when I might receive records or be able to inspect the requested records. Please produce responsive documents as soon as they become available.  In all cases, please communicate with me at the below email address.

Please comply fully with 5 U.S.C. § 552(b).  Accordingly, without limitation to the foregoing, if any portion of this request is denied for any reason, please provide written notice of the records or portions of records that are being withheld and cite each specific exemption of the Freedom of Information Act on which the agency relies.  Moreover, to the extent that responsive records may be withheld in part produce all reasonably segregable portions of those records.  Additionally, please provide all responsive documents even if they are redacted in full.

## Fee Waiver Request

This request is primarily and fundamentally for non-commercial purposes. As a 501(c)(3) nonprofit, Heritage Foundation does not have a commercial purpose and the release of the information requested is not in Heritage Foundation's commercial interest.   T h e  Heritage Foundation's mission is to is to formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense.  Heritage Foundation uses the information requested and analyzes it in



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

order to educate the public through social media,[1] broadcast media[2] (traditional and nontraditional) and press releases.[3]  The requested information is in the public interest since multiple news articles state Moms for Liberty has been designated a extremist group by the Southern Poverty Law Center (SPLC).[4]

Because this is a request by a member of the news media for information of public interest, made in my capacity as an author for *The Daily Signal*[5] (a major news outlet[6]), I actively gather information of potential interest to our Daily Signal audience, and I use my editorial skills to turn raw materials into a distinct work, and I distribute that work to our Daily Signal audience through podcasts[7] or articles.  I request that you waive all applicable fees associated with this request.

If you deny this request for a fee waiver, please advise me in advance of the estimated charges if they are to exceed $50.  Please send me a detailed and itemized explanation of those charges.

## Request for Expedited Processing

---

[1] Heritage Foundation.  [@ Heritage] (Accessed: 2022, February 18).  626.8K Followers Twitter. https://twitter.com/Heritage

[2] Fox News.  (Accessed: 2022, February 18).  Heritage Foundation launches Conservative Oversight Project aimed at 'exposing' Biden admin, leftist policies.  https://www.foxnews.com/politics/heritage-conservative-oversight-project-biden-admin-leftist-policies

[3] Heritage Foundation.  (Accessed: 2022, February 18).  Press.  https://www.heritage.org/press.

[4] News and Tribune (Accessed: 2023, June 27). Moms for Liberty, Purple for Parents listed as hate groups.  https://www.newsandtribune.com/news/moms-for-liberty-purple-for-parents-listed-as-hate-groups/article_847c554a-11ea-11ee-b4cf-f79937c7fd35.html

[5] Daily Signal.  (Accessed: 2022, February 18).  Mike Howell. https://www.dailysignal.com/author/mike-howell/

[6] Daily Signal.  [@DailySignal] (Accessed: 2022, February 18).  81.4K Followers Twitter. https://twitter.com/DailySignal

[7] Apple.  (Accessed: 2022, March 4).  The Daily Signal Podcast. https://podcasts.apple.com/us/podcast/the-daily-signal-podcast/id1313611947



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

Pursuant to 28 C.F.R. § 16.5(e)(1)(iv), I request expedited processing for this request.  I certify the following statement of facts in support of expedited processing to be true and correct pursuant to 28 C.F.R. § 16.5(e)(1)(iv).

**Background:**

    **1.**  The following factual Appendices are attached and expressly incorporated herein and made part of this request (as are the factual sources cited therein):

- Appendix A is a compilation of 221 news articles and national TV transcripts covering the fact that an organization that promotes liberty, accountability and spreads awareness regarding parental rights at all levels of government was recently labeled an extremist group by Southern Poverty Law Center.

**Expedited processing is warranted under 28 C.F.R. § 16.5(e)(1)(iv)**

    **1.**  28 C.F.R. § 16.5(e)(1)(iv) provides that expedited processing shall be granted regarding "[a] matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence."

    Courts have held that the DOJ Regulation requires the requester to show:  (1) that the request involves a "matter of widespread and exceptional media interest" (28 C.F.R. § 16.5(e)(1)(iv)); and (2) that the matter is one "in which there exists possible questions about the integrity of the government that affect public confidence" (*id.*).  *See Edmonds v. FBI*, No. 02-cv-1294 (ESH), 2002 WL 32539613, *3 (D.D.C. Dec. 3, 2002).  It is not necessary to show "prejudice or a matter of current exigency to the American public."  *Id.*

    First, the DOJ Regulation requires showing that the matter about which



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

questions of integrity have been raised is the subject of widespread national media attention. *See Am. Oversight v. DOJ*, 292 F.Supp.3d 501, 507–508 (D.D.C. 2018) (denying motion for expedited processing because general media interest in Solicitor General's nomination is insufficient to show media interest in possible ethics questions concerning the nomination).  There need not be a showing that the disclosure would shed considerable light on agency operations; only that there is "exceptional" and "widespread" media interest.  *See CREW v. DOJ*, 870 F.Supp.2d 70, 81 (D.D.C. 2012), *rev'd on other grounds*, 746 F.3d 1082 (D.C. Cir. 2014).  While the media interest need be "widespread" and "exceptional" it need not be overwhelming.  *See ACLU*, 321 F.Supp.2d at 31–32 (rejecting DOJ's position that requester's citation to what the court described as "only a handful of articles" was insufficient to show "widespread and exceptional media interest" because those articles "were published in a variety of publications and repeatedly reference the ongoing national discussion about the Patriot Act and Section 215" (second quotation added)); *Edmonds*, 2002 WL 32539613, at *3 (numerous national newspaper and network television broadcasts concerning whistleblower's allegations of security lapses in FBI translator program met test).[8]

Second, the DOJ Regulation requires showing that "'there exists *possible* questions about the government's integrity that affect public confidence.'"  *CREW v. DOJ*, 436 F.Supp.3d 354, 361 (D.D.C. 2020) (*quoting* 28 C.F.R. § 16.5(e)(1)(4)) (emphasis by Court).[9]  It does not "require the requester to prove wrongdoing by the government in order to obtain documents on an expedited basis."  *Id.* at 362.  "The primary way to determine whether such possible questions exist is by examining the state of public coverage of the matter at issue, and whether that coverage

---

[8]  *Cf.* 28 C.F.R. § 16.5(e)(3) ("The existence of numerous articles published on a given subject can be helpful in establishing the requirement that there be an 'urgency to inform' the public on the topic.").
[9]  To be sure, this standard does not require expedition of any questions concerning government integrity.  *See, e.g.*, *White v. DOJ*, 16 F.4th 539, 544 (7th Cir. 2021) (test not met in case where records sought to cast doubt on requestors' criminal conviction where requestor claimed he was subject to an elaborate government sting operation).



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

surfaces possible ethics issues so potentially significant as to reduce public confidence in governmental institutions." *Am. Oversight v. DOJ*, 292 F.Supp.3d 501, 508 (D.D.C. 2018). This is not an extraordinarily high bar. *See, e.g.*, *CREW*, 436 F.Supp.3d at 361 (complaint sufficient to survive a motion to dismiss where it alleged Attorney General's action regarding disclosure of Mueller Report "supported an inference that at best, the Attorney General undertook to frame the public discussion on his own terms, and at worst that he distorted the truth"); *ACLU v. DOJ*, 321 F.Supp.2d 24, 32 (D.D.C. 2004) (allegations in press that Section 215 of the Patriot Act may be unconstitutional and reports that Members of Congress have alleged abuses of Section 215 "implicate[] government integrity" and hence are sufficient to meet test); *Edmonds*, 2002 WL 32539613, at *3–4 (test met where plaintiff alleged security lapses in FBI translators program, national news covered the issue, and two Senators expressed concern regarding "the significant security issues raised by plaintiff's allegations and the integrity of the FBI").[10]

   **2.**     The facts amply support expedition here. There is extensive national media coverage of the Moms for Liberty and its founders since June 6, 2023, the day

---

[10] DOJ has granted expedition under the DOJ Regulation in a number of circumstances. *See, e.g.*, *CREW v. DOJ*, 870 F.Supp.2d at 81 n. 14 (expedition granted to request seeking records on FBI's closed investigation of Congressman DeLay for misconduct which did not result in charges, but received considerable media attention (subsequent history omitted)); *CREW v. DOJ*, 820 F.Supp.2d 39, 42, 46 (D.D.C. 2011) (expedition granted to request seeking information concerning possible deletion of Office of Legal Counsel emails where the possible deletion was flagged as a hindrance in an internal investigation, covered in the media, and was the subject of Congressional concerns); *Elec. Frontier Found. v. DOJ*, 565 F.Supp.2d 188, 189–91 (D.D.C. 2008) (expedition granted to request seeking information regarding storage of information obtained by National Security Letters in FBI's Data Warehouse); *CREW v. DOJ*, No. 05-cv-2078 (EGS), 2006 WL 1518964, *1 (D.D.C. June 1, 2006) (expedition granted to request concerning government's decision to seek a reduced penalty in tobacco litigation where government's decision was subject to intensive news coverage and prompted concern from "several Congressman" which caused a request for an Inspector General investigation of "improper political interference" with the decision).



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

SPLC branded Moms for Liberty as an extremist group. Additionally, this coverage has only intensified since SPLC's extremist designation of Mom's for Liberty . See App. A at 1-2, 4-9, 10-12, 13-15, 16-17, 18-19, 20-22, 23-26, 27-31, 32-33, 34-36, 37-39, 40-44, 45-47, 48-49, 50-52, 53-54, 55-56, 57-59, 60-61, 62-64, 65-68, 69-71, 72-75, 76-81, 82-84, 85-103, 104-106, 107-108, 109-114, 115-118, 119-120, 121-123, 124-125, 126-127, 128-130, 131-134, 135-137, 138-139, 140-142, 142-144, 145-146, 147-148, 149-150, 151-161, 162-163, 165-167, 168-170, 171-181, 182-183, 184-188, 189-190, 191-193, 194-196, 197-199, 200-202, 203-205, 206-210, 211-214, 215-219, 220-223, 224-230, 231-232, 233-234, 234-236, 237-239, 240-242, 243-244, 245-247, 248-249, 250-251, 252-255, 256-257, 258-259, 260-262, 263-264, 265-270, 271-273, 274-276, 277-291, 292-293, 294-295, 296-298, 299-301, 302-305, 306-307, 308-310, 311-314, 315-327, 328-330, 331-334, 335-337, 338-341, 342-344, 345-347, 348-350, 351-353, 354-356, 357-360, 361-364, 365-366, 367-371, 372-374, 375-377, 378-385, 386-388, 389-391, 392-394, 395-398, 399-412, 413-415, 416-420, 421-424, 425-427, 428-430, 431-433, 434-435, 436-439, 440-443, 444-446, 447-449, 450-452, 453-55, 456-458, 458-459, 460-461, 462-463, 464-466, 466-469, 470-471, 472-473, 474-478, 479-480, 481-482, 483-486, 487-489, 490-492, 493-495, 496-497, 498-504, 505-505, 506-508, 509-513, 514-517, 518-521, 522-523, 524-529, 530-532, 533-535, 536-538, 539-541, 542-544, 545-548, 549-552, 553-555, 556-558, 559-561, 562-567, 568-570, 571-573, 574-577, 578-589, 590-592, 593-596, 597-600, 601-604, 605-608, 609-612, 613-614, 615-616, 617-620, 621-623, 624-626, 627- 629, 630-632, 633-635, 636-638, 639-640, 641-658, 659-660, 661-663, 664-666, 667-669, 670-684, 685-700, 701-714, 714-717, 718-721, 712-725, 726-728, 729-731, 732-733, 734-735, 736-737, 738-740, 741-744, 745-747, 748-751, 752-754, 755-756, 756-759, 760-762, 763-764, 765-767, 768-770, 771-773, 774-775, 776-781, 782-783, 784-785, 786-788, 789-790, 791-793, 794-795, 796-809, 810-811, 812-813, 814-816, 817-818, 819-821, 822-826.

Due to the extremist designation that Mom's for Liberty has received by the SPLC, the Biden Administration may have responsive records regarding Moms for Liberty and/or its founders. Specifically, the Department of Justice (DOJ) Attorney General Garland stated in the beginning of the Biden Administration that the DOJ would



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

pursue domestic extremists with the same "resolve and dedication" as they did with the ongoing investigations into the January 6 riot at the Capitol.[11]  The FBI has recently used SPLC as a resource to designate extremist groups.[12] Therefore, it is very plausible that the Biden Administration would have already labeled Moms for Liberty as extremists based on the SPLC designation.

If you have any questions, or feel you need clarification of this request please contact me at oversightproject@heritage.org.

Sincerely,

Mike Howell
Director of the Oversight Project and Investigative Reporter at The Daily Signal
The Heritage Foundation
214 Massachusetts Ave, N.E.
Washington, D.C. 20002

---

[11]CBS News. (Accessed:2023, June 29).  Attorney General Merrick Garland unveils plan to combat domestic terrorism.  https://www.cbsnews.com/news/domestic-terrorism-merrick-garland-doj/
[12] Christian Post. (Accessed:2023, June 29).  FBI cites Southern Poverty Law Center to warn about 'radical-traditionalist Catholic ideology'.  https://www.christianpost.com/news/fbi-cites-splc-to-warn-about-radical-traditionalist-catholics.html.



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

**SENT VIA: CRT.FOIArequests@usdoj.gov**

July 13, 2023

Civil Rights Division
Kilian B. Kagle, Chief
4CON, Room 6.153
950 Pennsylvania Ave., N.W.
Washington, DC 20530

Dear FOIA Officer,

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the implementing FOIA regulations of the Department of Justice ("DOJ"), 28 CFR Part 16, I respectfully request the following from all individuals within the DOJ Civil Rights Division.

Search terms:

1) First priority search, all records regarding the below terms:
- Moms for Liberty
- Tiffany Justice
- Tina Descovich

2) Second priority search, all records regarding the below e-mail domain.
- @splcenter.org

Please limit your search from January 1, 2020 to the present.

Privacy waivers from Tiffany Justice and Tina Descovich will be sent in a follow up



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

correspondence.

To further narrow down the scope of the request, requester does not seek correspondence that merely forwards press clippings, such as news accounts or opinion pieces, newsletters, and published or docketed materials, if that correspondence has no comment or no substantive comment added by any party in the thread.

The terms "pertaining to," "referring," "relating," or "concerning" with respect to any given subject means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

The term "record" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, electronic mail (emails), MMS or SMS text messages, instant messages, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger), contracts, cables, telexes, notations of any type of conversation, telephone call, voicemail, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electronic records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape or otherwise.  A record bearing any notation not a part of the original text is to be considered a separate record.  A draft or non-identical copy is a separate record within the meaning of this term.  By definition a "communication" (as that term is defined herein) is also a "record" if the means of communication is any written, recorded, or graphic matter of any sort whatsoever, regardless of how recorded, and whether original or copy.

The terms "and" and "or" should be construed broadly and either conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.  The terms "all," "any," and "each" should each be construed as 'encompassing any and all. The singular includes the plural number, and vice versa.  The present tense includes the past and vice versa.  The masculine includes the feminine and neuter genders.

The term "communication" means each manner or means of disclosure or exchange of information (in the form of facts, ideas, inquiries, or otherwise), regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in an in-person meeting, by telephone, facsimile, e-mail (desktop or mobile device), text message, MMS or SMS message, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger), regular mail, telexes, releases, or otherwise.

"Communications with," "communications from," and "communications between" means any communication involving the related parties, regardless of



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

whether other persons were involved in the communication, and includes, but is not limited to, communications where one party is cc'd or bcc'd, both parties are cc'd or bcc'd, or some combination thereof.

The term "employee" means a current or former:  officer, director, shareholder, partner, member, consultant, senior manager, manager, senior associate, permanent employee, staff employee, attorney, agent (whether de jure, de facto, or apparent without limitation), advisor, representative, attorney (in law or in fact), lobbyist (registered or unregistered), borrowed employee, casual employee, consultant, contractor, de facto employee, independent contractor, joint adventurer, loaned employee, part-time employee, provisional employee, or subcontractor.

The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association, and all subsidiaries, divisions, partnerships, properties, affiliates, branches, groups, special purpose entities, joint ventures, predecessors, successors, or any other entity in which they have or had a controlling interest, and any employee, and any other units thereof.

The term "Congress" refers to any person elected to the United States House of Representatives or United States Senate, or is assigned a "house.gov" or "senate.gov" email address.

Please consider all members of a document "family" to be responsive to the request if any single "member" of that "family" is responsive, regardless of whether the "family member" in question is "parent" or "child."

This request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted.  To the extent that an email is responsive to our request, our request includes all prior



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

messages sent or received in that email chain, as well as any attachments to the email.

In the interest of expediency and to minimize the research and/or duplication burden on your staff, please send records electronically if possible.  If this is not possible, please notify me before sending to the mailing address listed below.  If access to this request will take longer than twenty business days, please let me know when I might receive records or be able to inspect the requested records.  Please produce responsive documents as soon as they become available.  In all cases, please communicate with me at the below email address.

Please comply fully with 5 U.S.C. § 552(b).  Accordingly, without limitation to the foregoing, if any portion of this request is denied for any reason, please provide written notice of the records or portions of records that are being withheld and cite each specific exemption of the Freedom of Information Act on which the agency relies.  Moreover, to the extent that responsive records may be withheld in part produce all reasonably segregable portions of those records.  Additionally, please provide all responsive documents even if they are redacted in full.

## Fee Waiver Request

This request is primarily and fundamentally for non-commercial purposes.  As a 501(c)(3) nonprofit, Heritage Foundation does not have a commercial purpose and the release of the information requested is not in Heritage Foundation's commercial interest.   T h e  Heritage Foundation's mission is to is to formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense.  Heritage Foundation uses the information requested and analyzes it in



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

order to educate the public through social media,[1] broadcast media[2] (traditional and nontraditional) and press releases.[3]   The requested information is in the public interest since multiple news articles state Moms for Liberty has been designated a extremist group by the Southern Poverty Law Center (SPLC).[4]

Because this is a request by a member of the news media for information of public interest, made in my capacity as an author for *The Daily Signal*[5] (a major news outlet[6]), I actively gather information of potential interest to our Daily Signal audience, and I use my editorial skills to turn raw materials into a distinct work, and I distribute that work to our Daily Signal audience through podcasts[7] or articles.  I request that you waive all applicable fees associated with this request.

If you deny this request for a fee waiver, please advise me in advance of the estimated charges if they are to exceed $50.  Please send me a detailed and itemized explanation of those charges.

## Request for Expedited Processing

---

[1] Heritage Foundation.  [@ Heritage] (Accessed: 2022, February 18).  626.8K Followers Twitter. https://twitter.com/Heritage
[2] Fox News.  (Accessed: 2022, February 18).  Heritage Foundation launches Conservative Oversight Project aimed at 'exposing' Biden admin, leftist policies.  https://www.foxnews.com/politics/heritage-conservative-oversight-project-biden-admin-leftist-policies
[3] Heritage Foundation.  (Accessed: 2022, February 18).  Press.  https://www.heritage.org/press.
[4] News and Tribune (Accessed: 2023, June 27). Moms for Liberty, Purple for Parents listed as hate groups.  https://www.newsandtribune.com/news/moms-for-liberty-purple-for-parents-listed-as-hate-groups/article_847c554a-11ea-11ee-b4cf-f79937c7fd35.html
[5] Daily Signal.  (Accessed: 2022, February 18).  Mike Howell. https://www.dailysignal.com/author/mike-howell/
[6] Daily Signal.  [@DailySignal] (Accessed: 2022, February 18).  81.4K Followers Twitter. https://twitter.com/DailySignal
[7] Apple.  (Accessed: 2022, March 4).  The Daily Signal Podcast. https://podcasts.apple.com/us/podcast/the-daily-signal-podcast/id1313611947



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

Pursuant to 28 C.F.R. § 16.5(e)(1)(iv), I request expedited processing for this request.  I certify the following statement of facts in support of expedited processing to be true and correct pursuant to 28 C.F.R. § 16.5(e)(1)(iv).

**Background:**

   **1**.  The following factual Appendices are attached and expressly incorporated herein and made part of this request (as are the factual sources cited therein):

- Appendix A is a compilation of 221 news articles and national TV transcripts covering the fact that an organization that promotes liberty, accountability and spreads awareness regarding parental rights at all levels of government was recently labeled an extremist group by Southern Poverty Law Center.

**Expedited processing is warranted under 28 C.F.R. § 16.5(e)(1)(iv)**

   **1**.      28 C.F.R. § 16.5(e)(1)(iv) provides that expedited processing shall be granted regarding "[a] matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence."

         Courts have held that the DOJ Regulation requires the requester to show:  (1) that the request involves a "matter of widespread and exceptional media interest" (28 C.F.R. § 16.5(e)(1)(iv)); and (2) that the matter is one "in which there exists possible questions about the integrity of the government that affect public confidence" (*id.*).  *See Edmonds v. FBI*, No. 02-cv-1294 (ESH), 2002 WL 32539613, *3 (D.D.C. Dec. 3, 2002).  It is not necessary to show "prejudice or a matter of current exigency to the American public."  *Id.*

   First, the DOJ Regulation requires showing that the matter about which



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

questions of integrity have been raised is the subject of widespread national media attention.  *See Am. Oversight v. DOJ*, 292 F.Supp.3d 501, 507–508 (D.D.C. 2018) (denying motion for expedited processing because general media interest in Solicitor General's nomination is insufficient to show media interest in possible ethics questions concerning the nomination).  There need not be a showing that the disclosure would shed considerable light on agency operations; only that there is "exceptional" and "widespread" media interest.  *See CREW v. DOJ*, 870 F.Supp.2d 70, 81 (D.D.C. 2012), *rev'd on other grounds*, 746 F.3d 1082 (D.C. Cir. 2014).  While the media interest need be "widespread" and "exceptional" it need not be overwhelming.  *See ACLU*, 321 F.Supp.2d at 31–32 (rejecting DOJ's position that requester's citation to what the court described as "only a handful of articles" was insufficient to show "widespread and exceptional media interest" because those articles "were published in a variety of publications and repeatedly reference the ongoing national discussion about the Patriot Act and Section 215" (second quotation added)); *Edmonds*, 2002 WL 32539613, at \*3 (numerous national newspaper and network television broadcasts concerning whistleblower's allegations of security lapses in FBI translator program met test).[8]

Second, the DOJ Regulation requires showing that "'there exists *possible* questions about the government's integrity that affect public confidence.'"  *CREW v. DOJ*, 436 F.Supp.3d 354, 361 (D.D.C. 2020) (*quoting* 28 C.F.R. § 16.5(e)(1)(4)) (emphasis by Court).[9]  It does not "require the requester to prove wrongdoing by the government in order to obtain documents on an expedited basis."  *Id.* at 362.  "The primary way to determine whether such possible questions exist is by examining the state of public coverage of the matter at issue, and whether that coverage

---

[8]  *Cf.* 28 C.F.R. § 16.5(e)(3) ("The existence of numerous articles published on a given subject can be helpful in establishing the requirement that there be an 'urgency to inform' the public on the topic.").
[9]  To be sure, this standard does not require expedition of any questions concerning government integrity.  *See, e.g.*, *White v. DOJ*, 16 F.4th 539, 544 (7th Cir. 2021) (test not met in case where records sought to cast doubt on requestors' criminal conviction where requestor claimed he was subject to an elaborate government sting operation).



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

surfaces possible ethics issues so potentially significant as to reduce public confidence in governmental institutions." *Am. Oversight v. DOJ*, 292 F.Supp.3d 501, 508 (D.D.C. 2018). This is not an extraordinarily high bar. *See, e.g.*, *CREW*, 436 F.Supp.3d at 361 (complaint sufficient to survive a motion to dismiss where it alleged Attorney General's action regarding disclosure of Mueller Report "supported an inference that at best, the Attorney General undertook to frame the public discussion on his own terms, and at worst that he distorted the truth"); *ACLU v. DOJ*, 321 F.Supp.2d 24, 32 (D.D.C. 2004) (allegations in press that Section 215 of the Patriot Act may be unconstitutional and reports that Members of Congress have alleged abuses of Section 215 "implicate[] government integrity" and hence are sufficient to meet test); *Edmonds*, 2002 WL 32539613, at *3–4 (test met where plaintiff alleged security lapses in FBI translators program, national news covered the issue, and two Senators expressed concern regarding "the significant security issues raised by plaintiff's allegations and the integrity of the FBI").[10]

**2.**     The facts amply support expedition here. There is extensive national media coverage of the Moms for Liberty and its founders since June 6, 2023, the day SPLC

---

[10] DOJ has granted expedition under the DOJ Regulation in a number of circumstances. *See, e.g.*, *CREW v. DOJ*, 870 F.Supp.2d at 81 n. 14 (expedition granted to request seeking records on FBI's closed investigation of Congressman DeLay for misconduct which did not result in charges, but received considerable media attention (subsequent history omitted)); *CREW v. DOJ*, 820 F.Supp.2d 39, 42, 46 (D.D.C. 2011) (expedition granted to request seeking information concerning possible deletion of Office of Legal Counsel emails where the possible deletion was flagged as a hindrance in an internal investigation, covered in the media, and was the subject of Congressional concerns); *Elec. Frontier Found. v. DOJ*, 565 F.Supp.2d 188, 189–91 (D.D.C. 2008) (expedition granted to request seeking information regarding storage of information obtained by National Security Letters in FBI's Data Warehouse); *CREW v. DOJ*, No. 05-cv-2078 (EGS), 2006 WL 1518964, *1 (D.D.C. June 1, 2006) (expedition granted to request concerning government's decision to seek a reduced penalty in tobacco litigation where government's decision was subject to intensive news coverage and prompted concern from "several Congressman" which caused a request for an Inspector General investigation of "improper political interference" with the decision).



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

branded Moms for Liberty as an extremist group.  Additionally, this coverage has only intensified since SPLC's extremist designation of Mom's for Liberty . See App. A at 1-2, 4-9, 10-12, 13-15, 16-17, 18-19, 20-22, 23-26, 27-31, 32-33, 34-36, 37-39, 40-44, 45-47, 48-49, 50-52, 53-54, 55-56, 57-59, 60-61, 62-64, 65-68, 69-71, 72-75, 76-81, 82-84, 85-103, 104-106, 107-108, 109-114, 115-118, 119-120, 121-123, 124-125, 126-127, 128-130, 131-134, 135-137, 138-139, 140-142, 142-144, 145-146, 147-148, 149-150, 151-161, 162-163, 165-167, 168-170, 171-181, 182-183, 184-188, 189-190, 191-193, 194-196, 197-199, 200-202, 203-205, 206-210, 211-214, 215-219, 220-223, 224-230, 231-232, 233-234, 234-236, 237-239, 240-242, 243-244, 245-247, 248-249, 250-251, 252-255, 256-257, 258-259, 260-262, 263-264, 265-270, 271-273, 274-276, 277-291, 292-293, 294-295, 296-298, 299-301, 302-305, 306-307, 308-310, 311-314, 315-327, 328-330, 331-334, 335-337, 338-341, 342-344, 345-347, 348-350, 351-353, 354-356, 357-360, 361-364, 365-366, 367-371, 372-374, 375-377, 378-385, 386-388, 389-391, 392-394, 395-398, 399-412, 413-415, 416-420, 421-424, 425-427, 428-430, 431-433, 434-435, 436-439, 440-443, 444-446, 447-449, 450-452, 453-55, 456-458, 458-459, 460-461, 462-463, 464-466, 466-469, 470-471, 472-473, 474-478, 479-480, 481-482, 483-486, 487-489, 490-492, 493-495, 496-497, 498-504, 505-505, 506-508, 509-513, 514-517, 518-521, 522-523, 524-529, 530-532, 533-535, 536-538, 539-541, 542-544, 545-548, 549-552, 553-555, 556-558, 559-561, 562-567, 568-570, 571-573, 574-577, 578-589, 590-592, 593-596, 597-600, 601-604, 605-608, 609-612, 613-614, 615-616, 617-620, 621-623, 624-626, 627- 629, 630-632, 633-635, 636-638, 639-640, 641-658, 659-660, 661-663, 664-666, 667-669, 670-684, 685-700, 701-714, 714-717, 718-721, 712-725, 726-728, 729-731, 732-733, 734-735, 736-737, 738-740, 741-744, 745-747, 748-751, 752-754, 755-756, 756-759, 760-762, 763-764, 765-767, 768-770, 771-773, 774-775, 776-781, 782-783, 784-785, 786-788, 789-790, 791-793, 794-795, 796-809, 810-811, 812-813, 814-816, 817-818, 819-821, 822-826.

Due to the extremist designation that Mom's for Liberty has received by the SPLC, the Biden Administration may have responsive records regarding Moms for Liberty and/or its founders.  Specifically, the Department of Justice (DOJ) Attorney General Garland stated in the beginning of the Biden Administration that the DOJ would



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

pursue domestic extremists with the same "resolve and dedication" as they did with the ongoing investigations into the January 6 riot at the Capitol.[11]  The FBI has recently used SPLC as a resource to designate extremist groups.[12]  Therefore, it is very plausible that the Biden Administration would have already labeled Moms for Liberty as extremists based on the SPLC designation.

If you have any questions, or feel you need clarification of this request please contact me at oversightproject@heritage.org.

Sincerely,

Mike Howell
Director of the Oversight Project and Investigative Reporter at The Daily Signal
The Heritage Foundation
214 Massachusetts Ave, N.E.
Washington, D.C. 20002

---

[11]CBS News. (Accessed:2023, June 29).  Attorney General Merrick Garland unveils plan to combat domestic terrorism.  https://www.cbsnews.com/news/domestic-terrorism-merrick-garland-doj/

[12] Christian Post. (Accessed:2023, June 29).  FBI cites Southern Poverty Law Center to warn about 'radical-traditionalist Catholic ideology'.  https://www.christianpost.com/news/fbi-cites-splc-to-warn-about-radical-traditionalist-catholics.html.



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

### SENT VIA EMAIL: SecureRelease Portal

July 13, 2023

Department of Homeland Security
Mason Clutter - Acting Chief Privacy Officer/Chief FOIA Officer
Privacy Office, Mail Stop 0655
Department of Homeland Security
2707 Martin Luther King Jr. AVE SE
Washington, DC 20528-065

Dear Mason Clutter,

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the implementing FOIA regulations of the Department of Homeland Security (DHS), 6 CFR Part 5, I respectfully request the following records and communications (or records containing the following information) from all individuals within: DHS immediate Office of the Secretary; Office of Intelligence and Analysis; Office of Homeland Security Situational Awareness; Cybersecurity and Infrastructure Security Agency; Office of Partnership and Engagement; and the Office for Civil Rights and Civil Liberties.

Search terms:

1) First priority search, all records regarding the below terms:
   - Moms for Liberty
   - Tiffany Justice
   - Tina Descovich

2) Second priority search, all records regarding the below e-mail domain.
   - @splcenter.org



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

Please limit your search from January 1, 2020 to the present.

Privacy waivers from Tiffany Justice and Tina Descovich will be sent in a follow up correspondence.

   To further narrow down the scope of the request, requester does not seek correspondence that merely forwards press clippings, such as news accounts or opinion pieces, newsletters, and published or docketed materials, if that correspondence has no comment or no substantive comment added by any party in the thread.

   The terms "pertaining to," "referring," "relating," or "concerning" with respect to any given subject means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

   The term "record" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following:  memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, electronic mail (emails), MMS or SMS text messages, instant messages, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger), contracts, cables, telexes, notations of any type of conversation, telephone call, voicemail, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electronic records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape or otherwise.  A record bearing any notation not a part of the original text is to be considered a separate record.  A draft or non-identical copy is a separate record within the meaning of this term.  By definition a "communication" (as that term is defined herein) is also a "record" if the means of communication is any written, recorded, or graphic matter of any sort whatsoever, regardless of how recorded, and whether original or copy.

The terms "and" and "or" should be construed broadly and either conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.  The terms "all," "any," and "each" should each be construed as 'encompassing any and all. The singular includes the plural number, and vice versa.  The present tense includes the past and vice versa.  The masculine includes the feminine and neuter genders.

The term "communication" means each manner or means of disclosure or exchange of information (in the form of facts, ideas, inquiries, or otherwise), regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in an in-person meeting, by telephone, facsimile, e-mail (desktop or mobile device), text message, MMS or SMS message, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

direct messages, Lync, Slack, and Facebook Messenger), regular mail, telexes, releases, or otherwise.

"Communications with," "communications from," and "communications between" means any communication involving the related parties, regardless of whether other persons were involved in the communication, and includes, but is not limited to, communications where one party is cc'd or bcc'd, both parties are cc'd or bcc'd, or some combination thereof.

The term "employee" means a current or former:  officer, director, shareholder, partner, member, consultant, senior manager, manager, senior associate, permanent employee, staff employee, attorney, agent (whether de jure, de facto, or apparent without limitation), advisor, representative, attorney (in law or in fact), lobbyist (registered or unregistered), borrowed employee, casual employee, consultant, contractor, de facto employee, independent contractor, joint adventurer, loaned employee, part-time employee, provisional employee, or subcontractor.

The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association, and all subsidiaries, divisions, partnerships, properties, affiliates, branches, groups, special purpose entities, joint ventures, predecessors, successors, or any other entity in which they have or had a controlling interest, and any employee, and any other units thereof.

The term "Congress" refers to any person elected to the United States House of Representatives or United States Senate, or is assigned a "house.gov" or "senate.gov" email address.

Please consider all members of a document "family" to be responsive to the request if any single "member" of that "family" is responsive, regardless of whether the "family member" in question is "parent" or "child."



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

This request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

In the interest of expediency and to minimize the research and/or duplication burden on your staff, please send records electronically if possible. If this is not possible, please notify me before sending to the mailing address listed below. If access to this request will take longer than twenty business days, please let me know when I might receive records or be able to inspect the requested records. Please produce responsive documents as soon as they become available. In all cases, please communicate with me at the below email address.

Please comply fully with 5 U.S.C. § 552(b). Accordingly, without limitation to the foregoing, if any portion of this request is denied for any reason, please provide written notice of the records or portions of records that are being withheld and cite each specific exemption of the Freedom of Information Act on which the agency relies. Moreover, to the extent that responsive records may be withheld in part produce all reasonably segregable portions of those records. Additionally, please provide all responsive documents even if they are redacted in full.

## Fee Waiver Request

This request is primarily and fundamentally for non-commercial purposes. As a 501(c)(3) nonprofit, Heritage Foundation does not have a commercial purpose and the release of the information requested is not in Heritage Foundation's commercial interest. The Heritage Foundation's mission is to is to formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

defense.  Heritage Foundation uses the information requested and analyzes it in order to educate the public through social media,[1] broadcast media[2] (traditional and nontraditional) and press releases.[3]   The requested information is in the public interest since multiple news articles state Moms for Liberty has been designated a extremist group by the Southern Poverty Law Center (SPLC).[4]

Because this is a request by a member of the news media for information of public interest, made in my capacity as an author for *The Daily Signal*[5] (a major news outlet[6]), I actively gather information of potential interest to our Daily Signal audience, and I use my editorial skills to turn raw materials into a distinct work, and I distribute that work to our Daily Signal audience through podcasts[7] or articles.  I request that you waive all applicable fees associated with this request.

If you deny this request for a fee waiver, please advise me in advance of the estimated charges if they are to exceed $50.  Please send me a detailed and itemized explanation of those charges.

---

[1] Heritage Foundation.  [@ Heritage] (Accessed: 2022, February 18).  626.8K Followers Twitter. https://twitter.com/Heritage
[2] Fox News.  (Accessed: 2022, February 18).  Heritage Foundation launches Conservative Oversight Project aimed at 'exposing' Biden admin, leftist policies.  https://www.foxnews.com/politics/heritage-conservative-oversight-project-biden-admin-leftist-policies
[3] Heritage Foundation.  (Accessed: 2022, February 18).  Press.  https://www.heritage.org/press.
[4] News and Tribune (Accessed: 2023, June 27). Moms for Liberty, Purple for Parents listed as hate groups.  https://www.newsandtribune.com/news/moms-for-liberty-purple-for-parents-listed-as-hate-groups/article_847c554a-11ea-11ee-b4cf-f79937c7fd35.html
[5] Daily Signal.  (Accessed: 2022, February 18).  Mike Howell. https://www.dailysignal.com/author/mike-howell/
[6] Daily Signal.  [@DailySignal] (Accessed: 2022, February 18).  81.4K Followers Twitter. https://twitter.com/DailySignal
[7] Apple.  (Accessed: 2022, March 4).  The Daily Signal Podcast. https://podcasts.apple.com/us/podcast/the-daily-signal-podcast/id1313611947



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

### Request for Expedited Processing

Pursuant to 6 C.F.R. § 5.5(e)(1)(iv), I request expedited processing for this request.  I certify the following statement of facts in support of expedited processing to be true and correct pursuant to 6 C.F.R. § 5.5(e)(1)(iv).

**Background:**

**1**.  The following factual Appendices are attached and expressly incorporated herein and made part of this request (as are the factual sources cited therein):

- Appendix A is a compilation of 221 news articles and national TV transcripts covering the fact that an organization that promotes liberty, accountability and spreads awareness regarding parental rights at all levels of government was recently labeled an extremist group by Southern Poverty Law Center.

### Expedited processing is warranted under 6 C.F.R. § 5.5(e)(1)(iv).

**1**.     This section provides that requests for expedited processing "will" be granted when the request involves "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

Section 6 C.F.R. § 5.5(e)(1)(iv) mirrors the Department of Justice regulation governing expedited processing, 28 C.F.R. § 16.5(e)(1)(iv), which provides that expedited processing shall be granted regarding "[a] matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence."

First, the DOJ Regulation requires showing that the matter about which



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

questions of integrity have been raised is the subject of widespread national media attention. *See Am. Oversight v. DOJ*, 292 F.Supp.3d 501, 507–508 (D.D.C. 2018) (denying motion for expedited processing because general media interest in Solicitor General's nomination is insufficient to show media interest in possible ethics questions concerning the nomination). There need not be a showing that the disclosure would shed considerable light on agency operations; only that there is "exceptional" and "widespread" media interest. *See CREW v. DOJ*, 870 F.Supp.2d 70, 81 (D.D.C. 2012), *rev'd on other grounds*, 746 F.3d 1082 (D.C. Cir. 2014). While the media interest need be "widespread" and "exceptional" it need not be overwhelming. *See ACLU*, 321 F.Supp.2d at 31–32 (rejecting DOJ's position that requester's citation to what the court described as "only a handful of articles" was insufficient to show "widespread and exceptional media interest" because those articles "were published in a variety of publications and repeatedly reference the ongoing national discussion about the Patriot Act and Section 215" (second quotation added)); *Edmonds*, 2002 WL 32539613, at *3 (numerous national newspaper and network television broadcasts concerning whistleblower's allegations of security lapses in FBI translator program met test).[8]

Second, the DOJ Regulation requires showing that "'there exists *possible* questions about the government's integrity that affect public confidence.'" *CREW v. DOJ*, 436 F.Supp.3d 354, 361 (D.D.C. 2020) (*quoting* 28 C.F.R. § 16.5(e)(1)(4)) (emphasis by Court).[9] It does not "require the requester to prove wrongdoing by the government in order to obtain documents on an expedited basis." *Id.* at 362. "The primary way to determine whether such possible questions exist is by examining the state of public coverage of the matter at issue, and whether that coverage

---

[8] *Cf.* 28 C.F.R. § 16.5(e)(3) ("The existence of numerous articles published on a given subject can be helpful in establishing the requirement that there be an 'urgency to inform' the public on the topic.").
[9] To be sure, this standard does not require expedition of any questions concerning government integrity. *See, e.g.*, *White v. DOJ*, 16 F.4th 539, 544 (7th Cir. 2021) (test not met in case where records sought to cast doubt on requestors' criminal conviction where requestor claimed he was subject to an elaborate government sting operation).



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

surfaces possible ethics issues so potentially significant as to reduce public confidence in governmental institutions." *Am. Oversight v. DOJ*, 292 F.Supp.3d 501, 508 (D.D.C. 2018). This is not an extraordinarily high bar. *See, e.g.*, *CREW*, 436 F.Supp.3d at 361 (complaint sufficient to survive a motion to dismiss where it alleged Attorney General's action regarding disclosure of Mueller Report "supported an inference that at best, the Attorney General undertook to frame the public discussion on his own terms, and at worst that he distorted the truth"); *ACLU v. DOJ*, 321 F.Supp.2d 24, 32 (D.D.C. 2004) (allegations in press that Section 215 of the Patriot Act may be unconstitutional and reports that Members of Congress have alleged abuses of Section 215 "implicate[] government integrity" and hence are sufficient to meet test); *Edmonds*, 2002 WL 32539613, at *3–4 (test met where plaintiff alleged security lapses in FBI translators program, national news covered the issue, and two Senators expressed concern regarding "the significant security issues raised by plaintiff's allegations and the integrity of the FBI").[10]

**2.**      The facts amply support expedition here. There is extensive national media coverage of the Moms for Liberty and its founders since June 6, 2023, the day SPLC

---

[10] DOJ has granted expedition under the DOJ Regulation in a number of circumstances. *See, e.g.*, *CREW v. DOJ*, 870 F.Supp.2d at 81 n. 14 (expedition granted to request seeking records on FBI's closed investigation of Congressman DeLay for misconduct which did not result in charges, but received considerable media attention (subsequent history omitted)); *CREW v. DOJ*, 820 F.Supp.2d 39, 42, 46 (D.D.C. 2011) (expedition granted to request seeking information concerning possible deletion of Office of Legal Counsel emails where the possible deletion was flagged as a hindrance in an internal investigation, covered in the media, and was the subject of Congressional concerns); *Elec. Frontier Found. v. DOJ*, 565 F.Supp.2d 188, 189–91 (D.D.C. 2008) (expedition granted to request seeking information regarding storage of information obtained by National Security Letters in FBI's Data Warehouse); *CREW v. DOJ*, No. 05-cv-2078 (EGS), 2006 WL 1518964, *1 (D.D.C. June 1, 2006) (expedition granted to request concerning government's decision to seek a reduced penalty in tobacco litigation where government's decision was subject to intensive news coverage and prompted concern from "several Congressman" which caused a request for an Inspector General investigation of "improper political interference" with the decision).



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

branded Moms for Liberty as an extremist group.  Additionally, this coverage has only intensified since SPLC's extremist designation of Mom's for Liberty . See App. A at 1-2, 4-9, 10-12, 13-15, 16-17, 18-19, 20-22, 23-26, 27-31, 32-33, 34-36, 37-39, 40-44, 45-47, 48-49, 50-52, 53-54, 55-56, 57-59, 60-61, 62-64, 65-68, 69-71, 72-75, 76-81, 82-84, 85-103, 104-106, 107-108, 109-114, 115-118, 119-120, 121-123, 124-125, 126-127, 128-130, 131-134, 135-137, 138-139, 140-142, 142-144, 145-146, 147-148, 149-150, 151-161, 162-163, 165-167, 168-170, 171-181, 182-183, 184-188, 189-190, 191-193, 194-196, 197-199, 200-202, 203-205, 206-210, 211-214, 215-219, 220-223, 224-230, 231-232, 233-234, 234-236, 237-239, 240-242, 243-244, 245-247, 248-249, 250-251, 252-255, 256-257, 258-259, 260-262, 263-264, 265-270, 271-273, 274-276, 277-291, 292-293, 294-295, 296-298, 299-301, 302-305, 306-307, 308-310, 311-314, 315-327, 328-330, 331-334, 335-337, 338-341, 342-344, 345-347, 348-350, 351-353, 354-356, 357-360, 361-364, 365-366, 367-371, 372-374, 375-377, 378-385, 386-388, 389-391, 392-394, 395-398, 399-412, 413-415, 416-420, 421-424, 425-427, 428-430, 431-433, 434-435, 436-439, 440-443, 444-446, 447-449, 450-452, 453-55, 456-458, 458-459, 460-461, 462-463, 464-466, 466-469, 470-471, 472-473, 474-478, 479-480, 481-482, 483-486, 487-489, 490-492, 493-495, 496-497, 498-504, 505-505, 506-508, 509-513, 514-517, 518-521, 522-523, 524-529, 530-532, 533-535, 536-538, 539-541, 542-544, 545-548, 549-552, 553-555, 556-558, 559-561, 562-567, 568-570, 571-573, 574-577, 578-589, 590-592, 593-596, 597-600, 601-604, 605-608, 609-612, 613-614, 615-616, 617-620, 621-623, 624-626, 627- 629, 630-632, 633-635, 636-638, 639-640, 641-658, 659-660, 661-663, 664-666, 667-669, 670-684, 685-700, 701-714, 714-717, 718-721, 712-725, 726-728, 729-731, 732-733, 734-735, 736-737, 738-740, 741-744, 745-747, 748-751, 752-754, 755-756, 756-759, 760-762, 763-764, 765-767, 768-770, 771-773, 774-775, 776-781, 782-783, 784-785, 786-788, 789-790, 791-793, 794-795, 796-809, 810-811, 812-813, 814-816, 817-818, 819-821, 822-826.

Due to the extremist designation that Mom's for Liberty has received by the SPLC, the Biden Administration may have responsive records regarding Moms for Liberty and/or its founders.  Specifically, the Department of Justice (DOJ) Attorney General Garland stated in the beginning of the Biden Administration that the DOJ would



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

pursue domestic extremists with the same "resolve and dedication" as they did with the ongoing investigations into the January 6 riot at the Capitol.[11]  The FBI has recently used SPLC as a resource to designate extremist groups.[12] Therefore, it is very plausible that the Biden Administration would have already labeled Moms for Liberty as extremists based on the SPLC designation.

If you have any questions, or feel you need clarification of this request please contact me at oversightproject@heritage.org.

Sincerely,

Mike Howell
Director of the Oversight Project and Investigative Reporter at The Daily Signal
The Heritage Foundation
214 Massachusetts Ave, N.E.
Washington, D.C. 20002

---

[11]CBS News. (Accessed:2023, June 29).  Attorney General Merrick Garland unveils plan to combat domestic terrorism.  https://www.cbsnews.com/news/domestic-terrorism-merrick-garland-doj/
[12] Christian Post. (Accessed:2023, June 29).  FBI cites Southern Poverty Law Center to warn about 'radical-traditionalist Catholic ideology'.  https://www.christianpost.com/news/fbi-cites-splc-to-warn-about-radical-traditionalist-catholics.html.



The Heritage Foundation

214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

<u>**SENT VIA EMAIL: HHS.ACFO@hhs.gov**</u>

July 13, 2023

United States Department of Health and Human Services
Freedom of Information Act Office
Hubert H. Humphrey Building, Room 729H
200 Independence Avenue, SW
Washington, D.C. 20201

Dear FOIA Officer,

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the implementing FOIA  regulations of the Department of Health and Human Services (HHS), 45 C.F.R. 5, I respectfully request the following records (or records containing the following information) from all individuals within: the immediate Office of the Secretary; Office of Civil Rights; the Office of the General Counsel; and the President's Coronavirus Task Force:

Search terms:

1) First priority search, all records regarding the below terms:
   - Moms for Liberty
   - Tiffany Justice
   - Tina Descovich

2) Second priority search, all records regarding the below e-mail domain.
   - @splcenter.org

Please limit your search from January 1, 2020 to the present.



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

Privacy waivers from Tiffany Justice and Tina Descovich will be sent in a follow up correspondence.

To further narrow down the scope of the request, requester does not seek correspondence that merely forwards press clippings, such as news accounts or opinion pieces, newsletters, and published or docketed materials, if that correspondence has no comment or no substantive comment added by any party in the thread.

The terms "pertaining to," "referring," "relating," or "concerning" with respect to any given subject means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

The term "record" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following:  memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, electronic mail (emails), MMS or SMS text messages, instant messages, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger), contracts, cables, telexes, notations of any type of conversation, telephone call, voicemail, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electronic records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape or otherwise.  A record bearing any notation not a part of the original text is to be considered a separate record.  A draft or non-identical copy is a separate record within the meaning of this term.  By definition a "communication" (as that term is defined herein) is also a "record" if the means of communication is any written, recorded, or graphic matter of any sort whatsoever, regardless of how recorded, and whether original or copy.

The terms "and" and "or" should be construed broadly and either conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.  The terms "all," "any," and "each" should each be construed as 'encompassing any and all.  The singular includes the plural number, and vice versa.  The present tense includes the past and vice versa.  The masculine includes the feminine and neuter genders.

The term "communication" means each manner or means of disclosure or exchange of information (in the form of facts, ideas, inquiries, or otherwise), regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in an in-person meeting, by telephone, facsimile, e-mail (desktop or mobile device), text message, MMS or SMS message, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger), regular mail, telexes, releases, or otherwise.



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

"Communications with," "communications from," and "communications between" means any communication involving the related parties, regardless of whether other persons were involved in the communication, and includes, but is not limited to, communications where one party is cc'd or bcc'd, both parties are cc'd or bcc'd, or some combination thereof.

The term "employee" means a current or former:  officer, director, shareholder, partner, member, consultant, senior manager, manager, senior associate, permanent employee, staff employee, attorney, agent (whether de jure, de facto, or apparent without limitation), advisor, representative, attorney (in law or in fact), lobbyist (registered or unregistered), borrowed employee, casual employee, consultant, contractor, de facto employee, independent contractor, joint adventurer, loaned employee, part-time employee, provisional employee, or subcontractor.

The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association, and all subsidiaries, divisions, partnerships, properties, affiliates, branches, groups, special purpose entities, joint ventures, predecessors, successors, or any other entity in which they have or had a controlling interest, and any employee, and any other units thereof.

The term "Congress" refers to any person elected to the United States House of Representatives or United States Senate, or is assigned a "house.gov" or "senate.gov" email address.

Please consider all members of a document "family" to be responsive to the request if any single "member" of that "family" is responsive, regardless of whether the "family member" in question is "parent" or "child."

This request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted.  To



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

In the interest of expediency and to minimize the research and/or duplication burden on your staff, please send records electronically if possible.  If this is not possible, please notify me before sending to the mailing address listed below.  If access to this request will take longer than twenty business days, please let me know when I might receive records or be able to inspect the requested records.  Please produce responsive documents as soon as they become available.  In all cases, please communicate with me at the below email address.

Please comply fully with 5 U.S.C. § 552(b).  Accordingly, without limitation to the foregoing, if any portion of this request is denied for any reason, please provide written notice of the records or portions of records that are being withheld and cite each specific exemption of the Freedom of Information Act on which the agency relies.  Moreover, to the extent that responsive records may be withheld in part produce all reasonably segregable portions of those records.  Additionally, please provide all responsive documents even if they are redacted in full.

## Fee Waiver Request

This request is primarily and fundamentally for non-commercial purposes.  As a 501(c)(3) nonprofit, Heritage Foundation does not have a commercial purpose and the release of the information requested is not in Heritage Foundation's commercial interest.   T h e  Heritage Foundation's mission is to is to formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense.  Heritage Foundation uses the information requested and analyzes it in



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

order to educate the public through social media,[1] broadcast media[2] (traditional and nontraditional) and press releases.[3]  The requested information is in the public interest since multiple news articles state Moms for Liberty has been designated a extremist group by the Southern Poverty Law Center (SPLC).[4]

Because this is a request by a member of the news media for information of public interest, made in my capacity as an author for *The Daily Signal*[5] (a major news outlet[6]), I actively gather information of potential interest to our Daily Signal audience, and I use my editorial skills to turn raw materials into a distinct work, and I distribute that work to our Daily Signal audience through podcasts[7] or articles.  I request that you waive all applicable fees associated with this request.

If you deny this request for a fee waiver, please advise me in advance of the estimated charges if they are to exceed $50.  Please send me a detailed and itemized explanation of those charges.

## Request for Expedited Processing

[1] Heritage Foundation.  [@ Heritage] (Accessed: 2022, February 18).  626.8K Followers Twitter. https://twitter.com/Heritage
[2] Fox News.  (Accessed: 2022, February 18).  Heritage Foundation launches Conservative Oversight Project aimed at 'exposing' Biden admin, leftist policies.  https://www.foxnews.com/politics/heritage-conservative-oversight-project-biden-admin-leftist-policies
[3] Heritage Foundation.  (Accessed: 2022, February 18).  Press.  https://www.heritage.org/press.
[4] News and Tribune (Accessed: 2023, June 27). Moms for Liberty, Purple for Parents listed as hate groups.  https://www.newsandtribune.com/news/moms-for-liberty-purple-for-parents-listed-as-hate-groups/article_847c554a-11ea-11ee-b4cf-f79937c7fd35.html
[5] Daily Signal.  (Accessed: 2022, February 18).  Mike Howell. https://www.dailysignal.com/author/mike-howell/
[6] Daily Signal.  [@DailySignal] (Accessed: 2022, February 18).  81.4K Followers Twitter. https://twitter.com/DailySignal
[7] Apple.  (Accessed: 2022, March 4).  The Daily Signal Podcast. https://podcasts.apple.com/us/podcast/the-daily-signal-podcast/id1313611947



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

Pursuant to 45 CFR 5.27(b)(2), I request expedited processing for this request.  I certify the following statement of facts in support of expedited processing to be true and correct pursuant to 45 CFR 5.27(b)(2).

**Background:**

    **1.**  The following factual Appendices are attached and expressly incorporated herein and made part of this request (as are the factual sources cited therein):

- Appendix A is a compilation of news articles and national TV transcripts covering the fact that an organization that promotes liberty, accountability and spreads awareness regarding parental rights at all levels of government was recently labeled an extremist group by Southern Poverty Law Center.

**Expedited processing is warranted under 45 CFR 5.27(b)(2)**

    **1.**    This section provides that requests for expedited processing "will" be granted when the request involves "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

    Section 45 CFR 5.27(b)(2) mirrors the Department of Justice regulation governing expedited processing, 28 C.F.R. § 16.5(e)(1)(iv), which provides that expedited processing shall be granted regarding "[a] matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence."

    Courts have held that the DOJ Regulation requires the requester to show:  (1) that the request involves a "matter of widespread and exceptional media interest" (28 C.F.R. § 16.5(e)(1)(iv)); and (2) that the matter is one "in which there



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

exists possible questions about the integrity of the government that affect public confidence" (*id.*).  *See Edmonds v. FBI*, No. 02-cv-1294 (ESH), 2002 WL 32539613, *3 (D.D.C. Dec. 3, 2002).  It is not necessary to show "prejudice or a matter of current exigency to the American public."  *Id.*

First, the DOJ Regulation requires showing that the matter about which questions of integrity have been raised is the subject of widespread national media attention.  *See Am. Oversight v. DOJ*, 292 F.Supp.3d 501, 507–508 (D.D.C. 2018) (denying motion for expedited processing because general media interest in Solicitor General's nomination is insufficient to show media interest in possible ethics questions concerning the nomination).  There need not be a showing that the disclosure would shed considerable light on agency operations; only that there is "exceptional" and "widespread" media interest.  *See CREW v. DOJ*, 870 F.Supp.2d 70, 81 (D.D.C. 2012), *rev'd on other grounds*, 746 F.3d 1082 (D.C. Cir. 2014).  While the media interest need be "widespread" and "exceptional" it need not be overwhelming.  *See ACLU*, 321 F.Supp.2d at 31–32 (rejecting DOJ's position that requester's citation to what the court described as "only a handful of articles" was insufficient to show "widespread and exceptional media interest" because those articles "were published in a variety of publications and repeatedly reference the ongoing national discussion about the Patriot Act and Section 215" (second quotation added)); *Edmonds*, 2002 WL 32539613, at *3 (numerous national newspaper and network television broadcasts concerning whistleblower's allegations of security lapses in FBI translator program met test).[8]

Second, the DOJ Regulation requires showing that "'there exists *possible* questions about the government's integrity that affect public confidence.'"  *CREW v. DOJ*, 436 F.Supp.3d 354, 361 (D.D.C. 2020) (*quoting* 28 C.F.R. § 16.5(e)(1)(4))

---

[8]  *Cf.* 28 C.F.R. § 16.5(e)(3) ("The existence of numerous articles published on a given subject can be helpful in establishing the requirement that there be an 'urgency to inform' the public on the topic.").



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

(emphasis by Court).[9]  It does not "require the requester to prove wrongdoing by the government in order to obtain documents on an expedited basis." *Id.* at 362.  "The primary way to determine whether such possible questions exist is by examining the state of public coverage of the matter at issue, and whether that coverage surfaces possible ethics issues so potentially significant as to reduce public confidence in governmental institutions." *Am. Oversight v. DOJ*, 292 F.Supp.3d 501, 508 (D.D.C. 2018).  This is not an extraordinarily high bar.  *See, e.g.*, *CREW*, 436 F.Supp.3d at 361 (complaint sufficient to survive a motion to dismiss where it alleged Attorney General's action regarding disclosure of Mueller Report "supported an inference that at best, the Attorney General undertook to frame the public discussion on his own terms, and at worst that he distorted the truth"); *ACLU v. DOJ*, 321 F.Supp.2d 24, 32 (D.D.C. 2004) (allegations in press that Section 215 of the Patriot Act may be unconstitutional and reports that Members of Congress have alleged abuses of Section 215 "implicate[] government integrity" and hence are sufficient to meet test); *Edmonds*, 2002 WL 32539613, at *3–4 (test met where plaintiff alleged security lapses in FBI translators program, national news covered the issue, and two Senators expressed concern regarding "the significant security issues raised by plaintiff's allegations and the integrity of the FBI").[10]

---

[9] To be sure, this standard does not require expedition of any questions concerning government integrity.  *See, e.g.*, *White v. DOJ*, 16 F.4th 539, 544 (7th Cir. 2021) (test not met in case where records sought to cast doubt on requestors' criminal conviction where requestor claimed he was subject to an elaborate government sting operation).

[10] DOJ has granted expedition under the DOJ Regulation in a number of circumstances.  *See, e.g.*, *CREW v. DOJ*, 870 F.Supp.2d at 81 n. 14 (expedition granted to request seeking records on FBI's closed investigation of Congressman DeLay for misconduct which did not result in charges, but received considerable media attention (subsequent history omitted)); *CREW v. DOJ*, 820 F.Supp.2d 39, 42, 46 (D.D.C. 2011) (expedition granted to request seeking information concerning possible deletion of Office of Legal Counsel emails where the possible deletion was flagged as a hindrance in an internal investigation, covered in the media, and was the subject of Congressional concerns); *Elec. Frontier Found. v. DOJ*, 565 F.Supp.2d 188, 189–91 (D.D.C. 2008) (expedition granted to request seeking information regarding storage of information obtained by National Security Letters in FBI's



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

**2.**      The facts amply support expedition here.  There is extensive national media coverage of the Moms for Liberty and its founders since June 6, 2023, the day SPLC branded Moms for Liberty as an extremist group.  Additionally, this coverage has only intensified since SPLC's extremist designation of Mom's for Liberty . See App. A at 1-2, 4-9, 10-12, 13-15, 16-17, 18-19, 20-22, 23-26, 27-31, 32-33, 34-36, 37-39, 40-44, 45-47, 48-49, 50-52, 53-54, 55-56, 57-59, 60-61, 62-64, 65-68, 69-71, 72-75, 76-81, 82-84, 85-103, 104-106, 107-108, 109-114, 115-118, 119-120, 121-123, 124-125, 126-127, 128-130, 131-134, 135-137, 138-139, 140-142, 142-144, 145-146, 147-148, 149-150, 151-161, 162-163, 165-167, 168-170, 171-181, 182-183, 184-188, 189-190, 191-193, 194-196, 197-199, 200-202, 203-205, 206-210, 211-214, 215-219, 220-223, 224-230, 231-232, 233-234, 234-236, 237-239, 240-242, 243-244, 245-247, 248-249, 250-251, 252-255, 256-257, 258-259, 260-262, 263-264, 265-270, 271-273, 274-276, 277-291, 292-293, 294-295, 296-298, 299-301, 302-305, 306-307, 308-310, 311-314, 315-327, 328-330, 331-334, 335-337, 338-341, 342-344, 345-347, 348-350, 351-353, 354-356, 357-360, 361-364, 365-366, 367-371, 372-374, 375-377, 378-385, 386-388, 389-391, 392-394, 395-398, 399-412, 413-415, 416-420, 421-424, 425-427, 428-430, 431-433, 434-435, 436-439, 440-443, 444-446, 447-449, 450-452, 453-55, 456-458, 458-459, 460-461, 462-463, 464-466, 466-469, 470-471, 472-473, 474-478, 479-480, 481-482, 483-486, 487-489, 490-492, 493-495, 496-497, 498-504, 505-505, 506-508, 509-513, 514-517, 518-521, 522-523, 524-529, 530-532, 533-535, 536-538, 539-541, 542-544, 545-548, 549-552, 553-555, 556-558, 559-561, 562-567, 568-570, 571-573, 574-577, 578-589, 590-592, 593-596, 597-600, 601-604, 605-608, 609-612, 613-614, 615-616, 617-620, 621-623, 624-626, 627- 629, 630-632, 633-635, 636-638, 639-640, 641-658, 659-660, 661-663, 664-666, 667-669, 670-684, 685-700, 701-714, 714-717, 718-

---

Data Warehouse); *CREW v. DOJ*, No. 05-cv-2078 (EGS), 2006 WL 1518964, *1 (D.D.C. June 1, 2006) (expedition granted to request concerning government's decision to seek a reduced penalty in tobacco litigation where government's decision was subject to intensive news coverage and prompted concern from "several Congressman" which caused a request for an Inspector General investigation of "improper political interference" with the decision).



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

721, 712-725, 726-728, 729-731, 732-733, 734-735, 736-737, 738-740, 741-744, 745-747, 748-751, 752-754, 755-756, 756-759, 760-762, 763-764, 765-767, 768-770, 771-773, 774-775, 776-781, 782-783, 784-785, 786-788, 789-790, 791-793, 794-795, 796-809, 810-811, 812-813, 814-816, 817-818, 819-821, 822-826.

Due to the extremist designation that Mom's for Liberty has received by the SPLC, the Biden Administration may have responsive records regarding Moms for Liberty and/or its founders.  Specifically, the Department of Justice (DOJ) Attorney General Garland stated in the beginning of the Biden Administration that the DOJ would pursue domestic extremists with the same "resolve and dedication" as they did with the ongoing investigations into the January 6 riot at the Capitol.[11]  The FBI has recently used SPLC as a resource to designate extremist groups.[12] Therefore, it is very plausible that the Biden Administration would have already labeled Moms for Liberty as extremists based on the SPLC designation.

---

[11]CBS News. (Accessed:2023, June 29).  Attorney General Merrick Garland unveils plan to combat domestic terrorism.  https://www.cbsnews.com/news/domestic-terrorism-merrick-garland-doj/

[12] Christian Post. (Accessed:2023, June 29).  FBI cites Southern Poverty Law Center to warn about 'radical-traditionalist Catholic ideology'.  https://www.christianpost.com/news/fbi-cites-splc-to-warn-about-radical-traditionalist-catholics.html.



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

If you have any questions, or feel you need clarification of this request please contact me at oversightproject@heritage.org.

Sincerely,

Mike Howell
Director of the Oversight Project and Investigative Reporter at The Daily Signal
The Heritage Foundation
214 Massachusetts Ave, N.E.
Washington, D.C. 20002



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

**SENT VIA EMAIL: EDFOIAMANAGER@ED.GOV**

July 13, 2023

Deborah Moore
Chief FOIA Officer
U.S. Department of Education
Office of the Executive Secretariat
400 Maryland Ave., SW, LBJ 7W104
Washington, DC 20202-4500

Dear Deborah Moore,

Pursuant to the Freedom of Information act (" FOIA") 5 U.S.C. § 552, and the implementing FOIA regulations of United States Department of Education ("ED") regulations, 34 C.F.R. § 5 *et seq.*, I respectfully request the following records from all individuals within: the Office for Civil Rights ("OCR"); Office of General Counsel; the immediate Office of the Secretary; and the immediate Office of the Deputy Secretary:

Search terms:

    1)First priority search, all records regarding the below terms:
- Moms for Liberty
- Tiffany Justice
- Tina Descovich

    2) Second priority search, all records regarding the below e-mail domain.
- @splcenter.org

Please limit your search from January 1, 2020 to the present.



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

Privacy waivers from Tiffany Justice and Tina Descovich will be sent in a follow up correspondence.

To further narrow down the scope of the request, requester does not seek correspondence that merely forwards press clippings, such as news accounts or opinion pieces, newsletters, and published or docketed materials, if that correspondence has no comment or no substantive comment added by any party in the thread.

The terms "pertaining to," "referring," "relating," or "concerning" with respect to any given subject means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

The term "record" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following:  memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, electronic mail (emails), MMS or SMS text messages, instant messages, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger), contracts, cables, telexes, notations of any type of conversation, telephone call, voicemail, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electronic records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape or otherwise.  A record bearing any notation not a part of the original text is to be considered a separate record.  A draft or non-identical copy is a separate record within the meaning of this term.  By definition a "communication" (as that term is defined herein) is also a "record" if the means of communication is any written, recorded, or graphic matter of any sort whatsoever, regardless of how recorded, and whether original or copy.

The terms "and" and "or" should be construed broadly and either conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.  The terms "all," "any," and "each" should each be construed as 'encompassing any and all.  The singular includes the plural number, and vice versa.  The present tense includes the past and vice versa.  The masculine includes the feminine and neuter genders.

The term "communication" means each manner or means of disclosure or exchange of information (in the form of facts, ideas, inquiries, or otherwise), regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in an in-person meeting, by telephone, facsimile, e-mail (desktop or mobile device), text message, MMS or SMS message, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger), regular mail, telexes, releases, or otherwise.



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

"Communications with," "communications from," and "communications between" means any communication involving the related parties, regardless of whether other persons were involved in the communication, and includes, but is not limited to, communications where one party is cc'd or bcc'd, both parties are cc'd or bcc'd, or some combination thereof.

The term "employee" means a current or former:  officer, director, shareholder, partner, member, consultant, senior manager, manager, senior associate, permanent employee, staff employee, attorney, agent (whether de jure, de facto, or apparent without limitation), advisor, representative, attorney (in law or in fact), lobbyist (registered or unregistered), borrowed employee, casual employee, consultant, contractor, de facto employee, independent contractor, joint adventurer, loaned employee, part-time employee, provisional employee, or subcontractor.

The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association, and all subsidiaries, divisions, partnerships, properties, affiliates, branches, groups, special purpose entities, joint ventures, predecessors, successors, or any other entity in which they have or had a controlling interest, and any employee, and any other units thereof.

The term "Congress" refers to any person elected to the United States House of Representatives or United States Senate, or is assigned a "house.gov" or "senate.gov" email address.

Please consider all members of a document "family" to be responsive to the request if any single "member" of that "family" is responsive, regardless of whether the "family member" in question is "parent" or "child."

This request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted.  To



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

In the interest of expediency and to minimize the research and/or duplication burden on your staff, please send records electronically if possible.  If this is not possible, please notify me before sending to the mailing address listed below.  If access to this request will take longer than twenty business days, please let me know when I might receive records or be able to inspect the requested records.  Please produce responsive documents as soon as they become available.  In all cases, please communicate with me at the below email address.

Please comply fully with 5 U.S.C. § 552(b).  Accordingly, without limitation to the foregoing, if any portion of this request is denied for any reason, please provide written notice of the records or portions of records that are being withheld and cite each specific exemption of the Freedom of Information Act on which the agency relies.  Moreover, to the extent that responsive records may be withheld in part produce all reasonably segregable portions of those records.  Additionally, please provide all responsive documents even if they are redacted in full.

**<u>Fee Waiver Request</u>**

This request is primarily and fundamentally for non-commercial purposes.  As a 501(c)(3) nonprofit, Heritage Foundation does not have a commercial purpose and the release of the information requested is not in Heritage Foundation's commercial interest.   T h e  Heritage Foundation's mission is to is to formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense.  Heritage Foundation uses the information requested and analyzes it in



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

order to educate the public through social media,[1] broadcast media[2] (traditional and nontraditional) and press releases.[3]  The requested information is in the public interest since multiple news articles state Moms for Liberty has been designated a extremist group by the Southern Poverty Law Center (SPLC).[4]

Because this is a request by a member of the news media for information of public interest, made in my capacity as an author for *The Daily Signal*[5] (a major news outlet[6]), I actively gather information of potential interest to our Daily Signal audience, and I use my editorial skills to turn raw materials into a distinct work, and I distribute that work to our Daily Signal audience through podcasts[7] or articles.  I request that you waive all applicable fees associated with this request.

If you deny this request for a fee waiver, please advise me in advance of the estimated charges if they are to exceed $50.  Please send me a detailed and itemized explanation of those charges.

## Request for Expedited Processing

---

[1] Heritage Foundation.  [@ Heritage] (Accessed: 2022, February 18).  626.8K Followers Twitter.  https://twitter.com/Heritage

[2] Fox News.  (Accessed: 2022, February 18).  Heritage Foundation launches Conservative Oversight Project aimed at 'exposing' Biden admin, leftist policies.  https://www.foxnews.com/politics/heritage-conservative-oversight-project-biden-admin-leftist-policies

[3] Heritage Foundation.  (Accessed: 2022, February 18).  Press.  https://www.heritage.org/press.

[4] News and Tribune (Accessed: 2023, June 27). Moms for Liberty, Purple for Parents listed as hate groups.  https://www.newsandtribune.com/news/moms-for-liberty-purple-for-parents-listed-as-hate-groups/article_847c554a-11ea-11ee-b4cf-f79937c7fd35.html

[5] Daily Signal.  (Accessed: 2022, February 18).  Mike Howell.  https://www.dailysignal.com/author/mike-howell/

[6] Daily Signal.  [@DailySignal] (Accessed: 2022, February 18).  81.4K Followers Twitter.  https://twitter.com/DailySignal

[7] Apple.  (Accessed: 2022, March 4).  The Daily Signal Podcast.  https://podcasts.apple.com/us/podcast/the-daily-signal-podcast/id1313611947



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

Pursuant to 34 CFR 5.21(i)(2)(i)(B), I request expedited processing for this request.  I certify the following statement of facts in support of expedited processing to be true and correct pursuant to 34 CFR 5.21(i)(2)(i)(B).

**Background:**

**1.**  The following factual Appendices are attached and expressly incorporated herein and made part of this request (as are the factual sources cited therein):

- Appendix A is a compilation of news articles and national TV transcripts covering the fact that an organization that promotes liberty, accountability and spreads awareness regarding parental rights at all levels of government was recently labeled an extremist group by Southern Poverty Law Center.

**Expedited processing is warranted under 34 CFR 5.21(i)(2)(i)(B)**

**1.**      This section provides that requests for expedited processing "will" be granted when the request involves "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

Section 34 CFR 5.21(i)(2)(i)(B) mirrors the Department of Justice regulation governing expedited processing, 28 C.F.R. § 16.5(e)(1)(iv), which provides that expedited processing shall be granted regarding "[a] matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence."

Courts have held that the DOJ Regulation requires the requester to show:  (1) that the request involves a "matter of widespread and exceptional media interest" (28 C.F.R. § 16.5(e)(1)(iv)); and (2) that the matter is one "in which there



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

exists possible questions about the integrity of the government that affect public confidence" (*id.*).  *See Edmonds v. FBI*, No. 02-cv-1294 (ESH), 2002 WL 32539613, *3 (D.D.C. Dec. 3, 2002).  It is not necessary to show "prejudice or a matter of current exigency to the American public."  *Id.*

First, the DOJ Regulation requires showing that the matter about which questions of integrity have been raised is the subject of widespread national media attention.  *See Am. Oversight v. DOJ*, 292 F.Supp.3d 501, 507–508 (D.D.C. 2018) (denying motion for expedited processing because general media interest in Solicitor General's nomination is insufficient to show media interest in possible ethics questions concerning the nomination).  There need not be a showing that the disclosure would shed considerable light on agency operations; only that there is "exceptional" and "widespread" media interest.  *See CREW v. DOJ*, 870 F.Supp.2d 70, 81 (D.D.C. 2012), *rev'd on other grounds*, 746 F.3d 1082 (D.C. Cir. 2014).  While the media interest need be "widespread" and "exceptional" it need not be overwhelming.  *See ACLU*, 321 F.Supp.2d at 31–32 (rejecting DOJ's position that requester's citation to what the court described as "only a handful of articles" was insufficient to show "widespread and exceptional media interest" because those articles "were published in a variety of publications and repeatedly reference the ongoing national discussion about the Patriot Act and Section 215" (second quotation added)); *Edmonds*, 2002 WL 32539613, at *3 (numerous national newspaper and network television broadcasts concerning whistleblower's allegations of security lapses in FBI translator program met test).[8]

Second, the DOJ Regulation requires showing that "'there exists *possible* questions about the government's integrity that affect public confidence.'"  *CREW v. DOJ*, 436 F.Supp.3d 354, 361 (D.D.C. 2020) (*quoting* 28 C.F.R. § 16.5(e)(1)(4))

---

[8]  *Cf.* 28 C.F.R. § 16.5(e)(3) ("The existence of numerous articles published on a given subject can be helpful in establishing the requirement that there be an 'urgency to inform' the public on the topic.").



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

(emphasis by Court).[9]  It does not "require the requester to prove wrongdoing by the government in order to obtain documents on an expedited basis."  *Id.* at 362.  "The primary way to determine whether such possible questions exist is by examining the state of public coverage of the matter at issue, and whether that coverage surfaces possible ethics issues so potentially significant as to reduce public confidence in governmental institutions."  *Am. Oversight v. DOJ*, 292 F.Supp.3d 501, 508 (D.D.C. 2018).  This is not an extraordinarily high bar.  *See, e.g.*, *CREW*, 436 F.Supp.3d at 361 (complaint sufficient to survive a motion to dismiss where it alleged Attorney General's action regarding disclosure of Mueller Report "supported an inference that at best, the Attorney General undertook to frame the public discussion on his own terms, and at worst that he distorted the truth"); *ACLU v. DOJ*, 321 F.Supp.2d 24, 32 (D.D.C. 2004) (allegations in press that Section 215 of the Patriot Act may be unconstitutional and reports that Members of Congress have alleged abuses of Section 215 "implicate[] government integrity" and hence are sufficient to meet test); *Edmonds*, 2002 WL 32539613, at *3–4 (test met where plaintiff alleged security lapses in FBI translators program, national news covered the issue, and two Senators expressed concern regarding "the significant security issues raised by plaintiff's allegations and the integrity of the FBI").[10]

---

[9]  To be sure, this standard does not require expedition of any questions concerning government integrity.  *See, e.g.*, *White v. DOJ*, 16 F.4th 539, 544 (7th Cir. 2021) (test not met in case where records sought to cast doubt on requestors' criminal conviction where requestor claimed he was subject to an elaborate government sting operation).

[10]  DOJ has granted expedition under the DOJ Regulation in a number of circumstances.  *See, e.g.*, *CREW v. DOJ*, 870 F.Supp.2d at 81 n. 14 (expedition granted to request seeking records on FBI's closed investigation of Congressman DeLay for misconduct which did not result in charges, but received considerable media attention (subsequent history omitted)); *CREW v. DOJ*, 820 F.Supp.2d 39, 42, 46 (D.D.C. 2011) (expedition granted to request seeking information concerning possible deletion of Office of Legal Counsel emails where the possible deletion was flagged as a hindrance in an internal investigation, covered in the media, and was the subject of Congressional concerns); *Elec. Frontier Found. v. DOJ*, 565 F.Supp.2d 188, 189–91 (D.D.C. 2008) (expedition granted to request seeking information regarding storage of information obtained by National Security Letters in FBI's



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

**2.**     The facts amply support expedition here.  There is extensive national media coverage of the Moms for Liberty and its founders since June 6, 2023, the day SPLC branded Moms for Liberty as an extremist group.  Additionally, this coverage has only intensified since SPLC's extremist designation of Mom's for Liberty . See App. A at 1-2, 4-9, 10-12, 13-15, 16-17, 18-19, 20-22, 23-26, 27-31, 32-33, 34-36, 37-39, 40-44, 45-47, 48-49, 50-52, 53-54, 55-56, 57-59, 60-61, 62-64, 65-68, 69-71, 72-75, 76-81, 82-84, 85-103, 104-106, 107-108, 109-114, 115-118, 119-120, 121-123, 124-125, 126-127, 128-130, 131-134, 135-137, 138-139, 140-142, 142-144, 145-146, 147-148, 149-150, 151-161, 162-163, 165-167, 168-170, 171-181, 182-183, 184-188, 189-190, 191-193, 194-196, 197-199, 200-202, 203-205, 206-210, 211-214, 215-219, 220-223, 224-230, 231-232, 233-234, 234-236, 237-239, 240-242, 243-244, 245-247, 248-249, 250-251, 252-255, 256-257, 258-259, 260-262, 263-264, 265-270, 271-273, 274-276, 277-291, 292-293, 294-295, 296-298, 299-301, 302-305, 306-307, 308-310, 311-314, 315-327, 328-330, 331-334, 335-337, 338-341, 342-344, 345-347, 348-350, 351-353, 354-356, 357-360, 361-364, 365-366, 367-371, 372-374, 375-377, 378-385, 386-388, 389-391, 392-394, 395-398, 399-412, 413-415, 416-420, 421-424, 425-427, 428-430, 431-433, 434-435, 436-439, 440-443, 444-446, 447-449, 450-452, 453-55, 456-458, 458-459, 460-461, 462-463, 464-466, 466-469, 470-471, 472-473, 474-478, 479-480, 481-482, 483-486, 487-489, 490-492, 493-495, 496-497, 498-504, 505-505, 506-508, 509-513, 514-517, 518-521, 522-523, 524-529, 530-532, 533-535, 536-538, 539-541, 542-544, 545-548, 549-552, 553-555, 556-558, 559-561, 562-567, 568-570, 571-573, 574-577, 578-589, 590-592, 593-596, 597-600, 601-604, 605-608, 609-612, 613-614, 615-616, 617-620, 621-623, 624-626, 627- 629, 630-632, 633-635, 636-638, 639-640, 641-658, 659-660, 661-663, 664-666, 667-669, 670-684, 685-700, 701-714, 714-717, 718-

Data Warehouse); *CREW v. DOJ*, No. 05-cv-2078 (EGS), 2006 WL 1518964, *1 (D.D.C. June 1, 2006) (expedition granted to request concerning government's decision to seek a reduced penalty in tobacco litigation where government's decision was subject to intensive news coverage and prompted concern from "several Congressman" which caused a request for an Inspector General investigation of "improper political interference" with the decision).



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

721, 712-725, 726-728, 729-731, 732-733, 734-735, 736-737, 738-740, 741-744, 745-747, 748-751, 752-754, 755-756, 756-759, 760-762, 763-764, 765-767, 768-770, 771-773, 774-775, 776-781, 782-783, 784-785, 786-788, 789-790, 791-793, 794-795, 796-809, 810-811, 812-813, 814-816, 817-818, 819-821, 822-826.

Due to the extremist designation that Mom's for Liberty has received by the SPLC, the Biden Administration may have responsive records regarding Moms for Liberty and/or its founders.  Specifically, the Department of Justice (DOJ) Attorney General Garland stated in the beginning of the Biden Administration that the DOJ would pursue domestic extremists with the same "resolve and dedication" as they did with the ongoing investigations into the January 6 riot at the Capitol.[11]  The FBI has recently used SPLC as a resource to designate extremist groups.[12] Therefore, it is very plausible that the Biden Administration would have already labeled Moms for Liberty as extremists based on the SPLC designation.

---

[11]CBS News. (Accessed:2023, June 29).  Attorney General Merrick Garland unveils plan to combat domestic terrorism.  https://www.cbsnews.com/news/domestic-terrorism-merrick-garland-doj/

[12] Christian Post. (Accessed:2023, June 29).  FBI cites Southern Poverty Law Center to warn about 'radical-traditionalist Catholic ideology'.  https://www.christianpost.com/news/fbi-cites-splc-to-warn-about-radical-traditionalist-catholics.html.



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

If you have any questions, or feel you need clarification of this request please contact me at oversightproject@heritage.org.

Sincerely,

Mike Howell
Director of the Oversight Project and Investigative Reporter at The Daily Signal
The Heritage Foundation
214 Massachusetts Ave, N.E.
Washington, D.C. 20002